[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was initiated by the plaintiff, Elizabeth Marino and returned to this court on May 25, 1993. The defendant appeared herein by counsel and pro se and the matter was heard by the court on December 23, 1993.
The plaintiff, whose maiden name was Elizabeth Flood, and the defendant intermarried at Durham, Connecticut on June 4, 1983. For at least one year prior to the date of this complaint, April 27, 1993, the plaintiff had resided continuously in this State. No minor children have been born to the plaintiff since the date of the marriage and the parties are not the recipient of public assistance. During the period of the marriage, each of the parties engaged in chemical substance abuse of alcohol and/or cocaine, and the defendant is presently serving a three year prison sentence in connection with a conviction on account of the possession with the intent to sell narcotics. The parties separated in June of 1990 and the defendant commenced serving his prison sentence in the fall of 1990.
During the course of the marriage the plaintiff was gainfully employed and at sometimes earned a weekly income in the amount of $250.00. The defendant has not been gainfully employed since 1980 on account of a fall sustained on an airline when returning from Europe. In connection with this the defendant at sometime during the year 1985 had a recovery of $75,000 from the airline in connection with said fall, from which recovery he received a net amount of approximately $50,000. He has been receiving some social security disability in the monthly amount of approximately $800.00 until some recent time in the past when he voluntarily stopped those payments after having been sent to prison to preclude the plaintiff from receiving the monthly amount. CT Page 581
As aforementioned, both of these parties engaged in practices of chemical substance abuse in the course of the marriage and in addition the court finds from the evidence the defendant engaged in acts of physical violence committed upon the person of the plaintiff.
Based upon the credible admissible and relevant evidence the court concludes that the plaintiff's mother, Mary Flood, conveyed property jointly to these parties on the easterly side of Riverside Street in town of Portland on April 29, 1980. The purchase price was $5,000 in cash that the parties paid to the plaintiff's mother and in addition they assumed an existing first mortgage in the amount of $18,200.00. At said time, the property was reasonably worth $50,000.00. Thereafter the defendant made substantial improvements to the property. In 1989 the parties incurred substantial expenses, in all probability in excess of $100,000, in connection with legal expenses and bail for the defendant after his arrest. His criminal case went to trial and he was convicted and subsequently sentenced to three years in prison. There were substantial funds owed severally or jointly by these parties in connection with said criminal arrest and trial. As a result thereof, the parties sold the subject premises which was still jointly owned on or about July 31, 1990, and received as net payment therefore a mortgage back from the purchases in the amount of $79,000.00.
The business affairs of the plaintiff in connection with her commercial undertaking were not going well and in all probability for such reasons she executed an assignment of her interest in the mortgage to the defendant.
The only asset of the parties is a balance due on this Biesak mortgage which note as aforementioned was dated July 1990 in the principal amount of $79,000.00 and was repayable at the rate of $200. per month without interest beginning September 1, 1990 up to and including August 1st of the year 2000. If not sooner paid the entire principle and the outstanding $55,000. shall be paid on or before December 31, 2000.
There is no question that the defendant put substantial work, money and effort into this property. The property originally came as a gift to the parties from the mother of the plaintiff. Both of these parties have contributed substantially to the breakdown of whatever relationship they may have established in the course of their marriage but the defendant's contribution is more substantial CT Page 582 than that of the plaintiff, in view of his physical violence to the plaintiff and his established illegal cocaine activities. The defendant will have available to him disability social security income in the approximate amount of $800. per month whenever he elects to have said payments resumed and the earning capacity of both of these parties will be affected by than robust health. Considering the length of the marriage, the causes of the breakdown and dissolution of the marriage the age, health, occupation, sources of income and skills of the parties and their potential for employment the court concludes that a fair and equitable distribution of the only remaining asset of these parties, that is the proceeds of the Biesak mortgage, would be an equal division of the remaining proceeds of that mortgage to each of the parties. Accordingly, the court finds that this marriage has broken down irretrievably and a decree is entered dissolving the marriage. The court orders that the remaining sums of money due under said mortgage be equally divided between the parties and said even distribution shall commence with the mortgage payment due for the month of February, 1994 and all subsequent payments until said mortgage has been paid in full.
Judgment is hereby entered in accordance with the foregoing memorandum.
HIGGINS, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk